FILED
2026 Sep-02 PM 03:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHWESTERN DIVISION**

**DUSTIN M. MITCHELL,**
**Plaintiff,**

**v.**

**CITY OF MUSCLE SHOALS, ALABAMA,**
**Defendant.**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Dustin M. Mitchell ("Plaintiff"), by and through undersigned counsel, brings this action against Defendant City of Muscle Shoals, Alabama ("City" or "Defendant"), and alleges as follows:

### NATURE OF THE ACTION

1. This is an action under Title VII of the Civil Rights Act of 1964, as amended, arising from Defendant's discharge of Plaintiff because of his race (Caucasian), because of his sex (male), and in retaliation for protected opposition to unlawful employment discrimination.

2. Plaintiff seeks reinstatement or front pay, back pay, restoration of lost benefits and seniority, compensatory damages, declaratory and injunctive relief, attorney's fees, costs, interest, and all other relief authorized by law.

### JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. §2000e-5(f)(3), because this action arises under Title VII, 42 U.S.C. § 2000e et seq.

4. Defendant is a municipal government and an employer within the meaning of 42 U.S.C. §2000e(a)-(b). Upon information and belief, Defendant employs between 101 and 200 employees.

5. Venue is proper in this District under 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices alleged herein occurred in Muscle Shoals, Colbert County, Alabama; relevant employment records are maintained and administered in this District; and Plaintiff would have continued working in this District but for the unlawful discharge.

6. Colbert County is within the Northwestern Division of the Northern District of Alabama. 28 U.S.C. § 81(a)(1).

7. Plaintiff timely filed a verified Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") against Defendant, EEOC Charge No. 420-2026-01528, on May 23, 2026. The charge alleged discrimination based on race, sex, and retaliation and identified December 1, 2025, through January 12, 2026, as the relevant period.

8. The EEOC issued Plaintiff a Notice of Right to Sue on May 27, 2026. Plaintiff did not receive the Notice of Right to Sue until June 3, 2026.

9. Plaintiff has exhausted his administrative remedies, and all conditions precedent to this action have occurred, been performed, or have been waived.

## PARTIES

10. Plaintiff is an adult Caucasian male and a resident of Muscle Shoals, Colbert County, Alabama.

11. Defendant City of Muscle Shoals, Alabama, is a municipal corporation and was Plaintiff's employer at all relevant times. Defendant's principal offices are located at 2010 Avalon Avenue, Muscle Shoals, Alabama 35661.

12. Defendant may be served in accordance with Federal Rule of Civil Procedure 4(j)(2) through its chief executive officer or other person authorized by Alabama law to receive service on behalf of the City.

## FACTUAL ALLEGATIONS

13. Defendant hired Plaintiff in March 2022 as a Driver in its Public Works Department.

14. In November or December 2025, Plaintiff filed an internal grievance against Public Works Superintendent Butch Whitehead because Whitehead had singled Plaintiff out and repeatedly picked on him.

15. After Plaintiff filed the grievance, Whitehead wanted Plaintiff fired.

16. On January 5, 2026, Desmond Morris, an African American male employee, accused Plaintiff of using the racial slur commonly referred to as the "N-word."

17. Plaintiff had not directed a racial slur at Morris. Plaintiff had used the Spanish word "negro" while referring to the color black.

18. Human Resources called Plaintiff and Morris to separate meetings on January 5, 2026, to discuss the accusation.

19. On January 6, 2026, Plaintiff and Morris met with Mayor Billy Hudson. Mayor Hudson did not believe Plaintiff should be fired, but instructed Plaintiff to write a letter of apology to Morris.

20. Plaintiff complied with Mayor Hudson's directive and wrote and delivered the apology letter to Morris.

21. Morris considered the apology inadequate and submitted the matter to the Civil Service Board.

22. A Civil Service Board meeting was held on January 12, 2026. Although those present were generally afforded an opportunity to speak, Plaintiff was treated as though the outcome had already been decided when it was his turn to explain what occurred.

23. Jean Madden, an African American female who participated in the proceeding, had already made up her mind, refused to credit Plaintiff's explanation, prevented Plaintiff from fully explaining the circumstances, and shut Plaintiff down when he attempted to speak.

24. Defendant discharged Plaintiff on January 12, 2026.

25. Defendant's asserted reason for the discharge was false or pretextual because Plaintiff did not use the accused racial slur, he explained that he was using the Spanish word for the color black, he complied with the Mayor's instruction to apologize, and the Mayor did not believe discharge was warranted.

26. The predetermined and unequal manner in which Defendant handled the accusation and disciplinary proceeding, together with Defendant's rejection of Plaintiff's explanation and imposition of the most severe discipline, support an inference that race was a motivating factor in the discharge decision.

27. Plaintiff appealed the discharge on January 19, 2026. The case is currently pending in Colbert County Alabama Circuit Court case number CV 2026-900021.00

28. As a direct and proximate result of Defendant's conduct, Plaintiff has lost wages, employment benefits, seniority, and other rights and opportunities associated with his employment.

**COUNT I**
**RACE DISCRIMINATION IN VIOLATION OF TITLE VII**
**(42 U.S.C. § 2000e-2(a)(1))**

29. Plaintiff incorporates paragraphs 1 through 28 as though fully set forth herein.

30. Title VII prohibits an employer from discharging or otherwise discriminating against an employee with respect to the terms, conditions, or privileges of employment because of the employee's race.

31. Plaintiff is Caucasian and is protected from race discrimination under Title VII.

32. Defendant subjected Plaintiff to a predetermined and unequal disciplinary process, rejected his explanation, and discharged him under circumstances supporting a reasonable inference of intentional race discrimination.

33. Plaintiff's race was a motivating factor in Defendant's decision to discharge him, even if Defendant contends that other considerations also played a role.

34. Defendant's stated reason for the discharge was not the true reason for its decision, or was insufficient to explain the severity and unequal manner of the discipline imposed.

35. Defendant's conduct violated Title VII and caused Plaintiff the damages and losses described above.

**COUNT II**
**SEX DISCRIMINATION IN VIOLATION OF TITLE VII**
**(42 U.S.C. § 2000e-2(a)(1))**

36. Plaintiff incorporates paragraphs 1 through 35 as though fully set forth herein.

37. Title VII prohibits an employer from discharging or otherwise discriminating against an employee with respect to the terms, conditions, or privileges of employment because of the employee's sex.

38. Plaintiff is male and is protected from sex discrimination under Title VII.

39. Defendant discharged Plaintiff under circumstances in which sex-based bias and unequal treatment were a motivating factor in the decision.

40. Defendant's conduct violated Title VII and caused Plaintiff the damages and losses described above.

## COUNT III
## RETALIATION IN VIOLATION OF TITLE VII
## (42 U.S.C. § 2000e-3(a))

41. Plaintiff incorporates paragraphs 1 through 40 as though fully set forth herein.

42. As further specified in paragraph 15, Plaintiff engaged in protected opposition activity by filing an internal grievance complaining of and opposing what he reasonably believed was unlawful race and/or sex discrimination.

43. Defendant and Whitehead knew of Plaintiff's protected grievance.

44. After Plaintiff filed the grievance, Whitehead wanted Plaintiff fired, and Defendant discharged Plaintiff within approximately one to two months of the grievance.

45. The close temporal relationship, Whitehead's desire to have Plaintiff fired after the grievance, and the irregular and predetermined disciplinary process support a reasonable inference that Plaintiff's protected activity was the but-for cause of the discharge.

46. Defendant's retaliation violated Title VII and caused Plaintiff the damages and losses described above.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant and award the following relief:

A. A declaration that Defendant violated Title VII by discriminating against Plaintiff because of race and sex and by retaliating against him;

B. An order reinstating Plaintiff to his former position, or to a substantially equivalent position, with full seniority, benefits, pension credit, and restoration of all employment rights, together with removal of the discharge and related discipline from his personnel records;

C. Front pay in lieu of reinstatement if reinstatement is not feasible;

D. Back pay, lost benefits, prejudgment interest, and all other equitable monetary relief authorized by 42 U.S.C. § 2000e-5(g);

E. Compensatory damages for all nonpecuniary losses proven at trial, subject to the limitations of 42 U.S.C. § 1981a;

F. Appropriate declaratory and injunctive relief prohibiting future discrimination and retaliation and requiring Defendant to correct the effects of its unlawful practices;

G. Reasonable attorney's fees, litigation expenses, and costs under 42 U.S.C. § 2000e-5(k);

H. Prejudgment and post-judgment interest as allowed by law; and

I. Such other and further legal or equitable relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable under Federal Rule of Civil Procedure 38 and 42 U.S.C. § 1981a(c).

Respectfully submitted this the 2nd day of September, 2026.

***/s/ Lucas C. Snodgrass***

**LUCAS C. SNODGRASS (SNO018)**
Attorney for Plaintiff
210 W Tennessee St
Florence AL 35630
(256) 349-2507 (256) 980-3005 FAX
Email: luke@lsnodgrasslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing instrument upon party(s) to this action via electronic filing, where applicable, this the 2nd day of September, 2026.

***/s/ Lucas C. Snodgrass***

**LUCAS C. SNODGRASS**